UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Christopher Beaulieu</u>

    v.                                                     Civil No. 20-cv-823-LM
                                                            Opinion No. 2021 DNH 141 P

<u>New Hampshire Department of Corrections,
Commissioner et al.</u>[1]

**O R D E R**

Pro se plaintiff Christopher (Krystal) Beaulieu sues the Commissioner of the New Hampshire Department of Corrections and various officers of the New Hampshire State Prison for Men ("NHSP") concerning incidents that occurred while she was incarcerated.[2] Before the court are a Report and Recommendation ("R&R") from Magistrate Judge Andrea K. Johnstone (doc. no. 6), Beaulieu's motions to amend her complaint (doc. nos. 18, 19), and Beaulieu's motion seeking various forms of relief (doc. no. 20). For the following reasons, the court approves the R&R except for the recommendation regarding Claim 1(f), allows Beaulieu's motions to

---

[1] The defendants are New Hampshire Department of Corrections Commissioner Helen Hanks; New Hampshire State Prison Warden Michelle Edmark; Maj. Jon H. Fouts; Deputy Warden Sarah Provencher; Capt. Daniel Boynton; (former) Lt. Troy Fontaine; Cpl. A. Hilson; Lt. C. Dupris; Corrections Officer ("CO") E. Bazile; (former) Sgt. Robert K. Parent; Cpl. Joshua Ellis; CO Glenn Nimoriski; Sgt. FNU Batakis; Hearing Officer Linda Paulsen; Nurse FNU Gamblin; and unnamed COs designated by plaintiff as "John Does" 1-6 and "hearing officers" 2-4.

[2] Plaintiff is a transgender woman presently in federal custody in West Virginia at FCI-Hazelton. Plaintiff prefers that female pronouns be used in referring to her.

amend and subjects the new claims to preliminary review, and grants her motion for various forms of relief regarding the R&R but otherwise denies that motion. The court addresses each separately below.

## DISCUSSION

I.  The R&R

Beaulieu filed her complaint in August 2020 and filed a motion to amend her complaint later that month. Judge Johnstone granted the motion to amend in part and issued an R&R in February 2021 recommending that the court dismiss certain claims and defendants. The court approved the R&R in March. However, in April, Beaulieu asked for more time to respond to the R&R. Accordingly, and in part due to her filing difficulties during the ongoing the COVID-19 pandemic, the court vacated the order granting the R&R to give Beaulieu an extended response deadline. Beaulieu has since filed a motion requesting various forms of relief and two motions to amend her complaint.

In her original filings, Beaulieu alleges that defendants placed her in a cell with a violent prisoner and failed to protect her from threats and assault and acted with deliberate indifference to her needs. Beaulieu brought claims alleging failure to protect, supervisory liability, and negligence. The R&R summarized the claims as Claims 1(a)-(f) (Eighth Amendment deliberate indifference) and Claims 2(a)-(e) (supervisory liability). See doc. no. 6 at 5-6. The R&R recommended dismissal of Claims 1(a), 1(f), and 2(a)-(e); dismissal of all defendants except for Sgt. Robert K.

Parent, Cpl. Joshua Ellis, CO Glenn Nimoriski, Cpl. A. Hilson, Lt. C. Dupris, CO E. Bazille, and Lt. Troy Fontaine; and dismissal of all Beaulieu's claims for damages asserted against any party in his or her official capacity.

Having carefully considered the R&R and all of Beaulieu's subsequent filings,³ the court adopts the R&R except for its recommendation with respect to Claim 1(f). The court includes facts below only as necessary to address Claim 1(f).

II.  Claim 1(f): Medical Care after the Assault

A complaint from an incarcerated plaintiff suing a government agent must go through preliminary review. See LR 4.3(d)(1); see also 28 U.S.C. § 1915A. During preliminary review, the court determines whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief'" upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

As summarized in the R&R, Beaulieu alleges that on December 5, 2018, she was violently assaulted by her former cellmate, James L. Merchant. She claims that Merchant punched her and kicked her multiple times in the face, causing her to drop to the floor, black out, and cry for help. In her original and amended complaints, she claims that the assault lasted several minutes and in direct view of the CCU control room, where CO Bazile appeared to be on the telephone. In Claim 1(f), Beaulieu alleges that CCU officers took too much time to respond to the

---

³ In so doing, the court construes Beaulieu's pleadings liberally and will collectively consider her complaint and three amendments (doc. nos. 1, 4, 18, 19). See Foss v. Marvic Inc., 994 F.3d 57, 63 n.7 (1st Cir. 2021).

3

assault.  She also claims that officers, including Sgt. Batakis, did not bring her to the Health Services Center afterwards even though she was "dripping blood all over the place."  See doc. no. 1, at 11; doc. no. 19 at 2.  She alleges that she walked across the yard while "still bleeding" and that Nurse Gamblin cleaned off the blood but did not send her to a local hospital.  See doc. no. 19 at 2.

Considering Beaulieu's allegations in a light most favorable to her, Claim 1(f) is sufficient to survive preliminary review.  See Lakin v. Barnhart, 758 F.3d 66, 70 (1st Cir. 2014) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)); Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("In order to state a cognizable [Eighth Amendment] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.").  The court directs service of Claim 1(f) on Sgt. Batakis and requires him to answer that claim, as he was allegedly present after the assault and failed to take her to the Health Services Center even though she was "dripping blood all over the place."  The court dismisses the claim as to Nurse Gamblin because she provided medical care to Beaulieu and Beaulieu has not alleged any other facts sufficient to state a claim of deliberate indifference against her.  See Watson v. Caton, 984 F.2d 537, 540 (1st Cir. 1993) ("The courts have consistently refused to create constitutional claims out of disagreements between prisoners and doctors about the proper course of a prisoner's medical treatment, or to conclude that simple medical malpractice rises to the level of cruel and unusual punishment.").

4

III.   Claims 3(a)-(b): New claims in Motions to Amend

Unrelated to her Eighth Amendment claims, Beaulieu asserts new claims regarding alleged disciplinary retaliation for her litigation against the prison.  She claims that Sgt. Robert K. Parent charged her with "misuse of phone" and other disciplinary infraction (which Beaulieu refers to as "tickets") for "every little thing," and that Sgt. Parent stated: "Beaulieu doesn't get shit because he wants to always fuck us and sue us."  See doc. no. 18, at 5.  Beaulieu also alleges that Hearings Officer Linda Paulsen denied Beaulieu the opportunity to present evidence and witnesses during disciplinary hearings between December 1, 2018 and September 30, 2019.  Beaulieu claims that Officer Paulsen found her guilty based on staff testimony, staff written reports, and written affidavits from other prisoners.  She claims that Officer Paulsen credited the testimony of prison staff but not Beaulieu's testimony, and that Officer Paulsen always "issued the maximum sentences and has been doing so since becoming employed at N.H. DOC."  See doc. no. 18, at 4.  She alleges that the continued tickets prevented her from a downgrade in custody, prohibited her participation in programming, and created fear of an upgrade to maximum security.

The court labels the retaliatory First Amendment claim against Sgt. Parent as Claim 3(a) and the due process allegation against Officer Paulsen as Claim 3(b).

With respect to Claim 3(a), a prisoner alleging retaliatory discipline must "show that the disciplined conduct was constitutionally protected [and that] the protected conduct was a substantial or motivating factor in the prison officials'

5

decision to discipline the plaintiff." Shabazz v. Cole, 69 F. Supp. 2d 177, 197 (D. Mass. 1999) (citation and quotation omitted).  Prisoners have a First Amendment right "to petition the government for the redress of grievances, and prison officials may not retaliate against prisoners for the exercise of that right." Id. (quoting Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir.1995)).  "On a motion to dismiss for failure to state a claim, it is appropriate to infer a retaliatory state of mind from circumstantial evidence." Shabazz, 69 F. Supp. 2d at 197.

Beaulieu alleges facts stating a claim that her litigation was "a substantial or motivating factor" in Sgt. Parent's decision to discipline her, and thus her allegations are sufficient to survive preliminary review.  See id.  The court directs service of Claim 3(a) on Sgt. Parent and requires him to respond to that claim.

With respect to Claim 3(b), concerning Officer Paulsen's alleged treatment of Beaulieu during disciplinary hearings, due process entitles a prisoner facing a disciplinary hearing to "a qualified right to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." McGuinness v. Dubois, 75 F.3d 794, 797-98 (1st Cir. 1996) (citing Wolff v. McDonnell, 418 U.S. 539, 566 (1974)).  However, a prisoner's due process rights are not violated if their request was for general population prisoners to testify in a segregation wing.  Dubois, 75 F.3d at 800.

Here, Beaulieu alleges that Officer Linda Paulsen denied her the opportunity to present evidence and witnesses in her defense during a prison disciplinary

6

proceeding. The allegations are sufficient to survive preliminary review. The court directs service of Claim 3(b) on Officer Paulsen and requires her to respond to that claim, as she was the officer allegedly presiding over the disciplinary hearings.

IV. Motion for Various Forms of Relief

Beaulieu's motion for various forms of relief (doc. no. 20) asks the court to approve the R&R, requests copies of future pleadings, requests permission to "amend her complaint at a later date," and asks the court to "place holds" on five filing fees until one is paid.

First, Beaulieu's request to approve the R&R is granted. As noted above, the court approves Judge Johnstone's R&R dated February 17, 2021 except for the recommendation regarding Claim 1(f).[4]

Second, Beaulieu's request to be provided copies of future pleadings is denied. She previously made a similar request in this case, which Judge Johnstone granted as a "one-time courtesy" before notifying Beaulieu that she "may obtain additional documents from the docket in this case if she prepays the clerk's per page copy fee."

---

[4] Beaulieu first moved to amend Claim 1(f) (doc. no. 19). Seventeen days later, she moved to request approval of the R&R (doc. no. 20). Construed in her favor, the court interprets these filings as a request to approve the R&R except for the R&R's recommendation to dismiss Claim 1(f). "[O]nly those issues fairly raised by the objections to the magistrate's report are subject to review in the district court and those not preserved by such objection are precluded on appeal." School Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Secretary of Health & Human Servs., 848 F.2d 271, 275 (1st Cir.1988)); see also United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986) (holding that, after proper notice, failure to file a specific objection to magistrate's report will waive the right to appeal).

Doc. no. 7. Beaulieu now must pay that copy fee if she wishes to obtain additional documents.

Third, Beaulieu's request for permission to "amend her complaint at a later date" is denied without prejudice. The court cannot preemptively grant Beaulieu leave to amend her complaint. Moreover, the court has already allowed three motions to amend. Going forward, no further amendment will be allowed absent unusual circumstances. See Fed. R. Civ. P. 15(a) (outlining filing deadlines); LR 15.1 (stating requirements for filing a motion to amend).

Fourth, Beaulieu's request for the court to "place holds" on five filing fees until one is paid is denied. Pro se filing fees in civil actions must be paid simultaneously. 28 U.S.C. § 1915(b); Bruce v. Samuels, 577 U.S. 82, 87 (2016) (holding that "§ 1915(b)(2) calls for simultaneous, not sequential, recoupment of multiple filing fees").

V. <u>Claims Remaining After Preliminary Review</u>[5]

Following preliminary review of the new claims and review and adoption of the R&R except for Claim 1(f), the following claims survive preliminary review and shall be served:

1. Defendants violated Beaulieu's Eighth Amendment rights, giving rise to liability under 42 U.S.C. § 1983, in that, with knowledge of the factors making Beaulieu especially vulnerable to assault, and the CCU's history of inmate violence:

---

[5] To be consistent, the claim numbering here is consistent with that used in the R&R.

8

    b. Cpl. Joshua Ellis assigned Beaulieu to a CCU C-Tier cell with known BOWW member James Merchant on November 9, 2018, with knowledge of Beaulieu's vulnerability to assault.

    c. Sgt. Robert K. Parent; Cpl. Joshua Ellis; CO Glenn Nimoriski; Cpl. A. Hilson; Lt. C. Dupris; CO E. Bazile; and Lt. Troy Fontaine heard Merchant threaten to hit Beaulieu in November 2018, but none of those officers took steps to protect her, and each of them made remarks that provoked him to act on his threats.

    d. On December 5, 2018, while CO Bazile was on the phone and not monitoring inmates, Merchant had the opportunity to encounter and assault Beaulieu for several minutes.

    e. CCU officers failed to respond for several minutes to what they could see or hear about the assault on December 5, 2018, delaying its end.

    f. Sgt. Batakis and other COs who responded to the assault did not provide emergency medical care or bring Beaulieu to the Health Services Center after the assault, although it was apparent she was bleeding.

3. Defendants retaliated against Beaulieu for her litigation in violation of the First Amendment and denied Beaulieu her due process rights in violation of the Fifth Amendment, creating liability under 42 U.S.C. § 1983, in that:

    a. Sgt. Robert K. Parent retaliated against Beaulieu's litigation by issuing her multiple tickets.

    b. Hearing Officer Linda Paulsen denied Beaulieu the opportunity to present evidence and witnesses during disciplinary hearings and instead relied on the testimony of correctional officers.

## CONCLUSION

For the foregoing reasons, the court holds as follows:

1. Beaulieu's four pleadings in this case (doc. nos. 1, 4, 18, 19) are construed as her complaint.

2. For the reasons stated in the R&R, Claims 1(a) and 2(a)-(e) are dismissed for failure to state a claim upon which relief can be granted.

3. Beaulieu's remaining claims are Claims 1(b)-(f) regarding her cell placement and subsequent assault and Claims 3(a)-(b) addressing alleged retaliation for litigation and due process violations during disciplinary hearings.

4. For the reasons stated in the R&R as well as in this Order, all defendants except Sgt. Robert K. Parent, Cpl. Joshua Ellis, CO Glenn Nimoriski, Cpl. A. Hilson, Lt. C. Dupris, CO E. Bazile, Lt. Troy Fontaine, Sgt. Batakis, and Hearings Officer Linda Paulson, are dismissed from this action.

5. For the reasons stated in the R&R, Beaulieu's claims for damages asserted against any party in their official capacity are dismissed.

6. Beaulieu's motion for various forms of relief (doc. no. 20) is granted regarding approval of the R&R and is otherwise denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 7, 2021

cc: Christopher Beaulieu, pro se
    Counsel of Record.